LYNNE C. HERMLE (STATE BAR NO. 99779)
lchermle@orrick.com
JOSEPH C. LIBURT (STATE BAR NO. 155507)
jliburt@orrick.com
EMILY F. TAYLOR (STATE BAR NO. 279419)
etaylor@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
Telephone:  +1 650 614 7400
Facsimile:   +1 650 614 7401

Attorneys for Defendant
PACIFIC INVESTMENT MANAGEMENT
COMPANY LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| JANE DOE,<br><br>                  Plaintiff,<br><br>        v.<br><br>PACIFIC INVESTMENT<br>MANAGEMENT COMPANY, LLC, a<br>Delaware limited liability company; and,<br>DOES 1-100, inclusive,<br><br>                  Defendants. | Case No. 8:20-cv-01659-JVS-DFM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT PACIFIC INVESTMENT MANAGEMENT COMPANY LLC'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO STRIKE PLAINTIFF'S COMPLAINT**<br><br>**[RULE 12((b)(1), RULE 12(b)(6), RULE 11]**<br><br>Date:          November 23, 2020<br>Time:          1:30 p.m.<br>Courtroom:  10C<br>Judge:         Hon. James V. Selna<br><br>**Date Action Filed:  August 19, 2020**<br><br>Assigned to Hon. Judge Selna |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS,
OR IN THE ALTERNATIVE, TO STRIKE PLAINTIFF'S COMPLAINT

4137-0883-3575.3

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ..................................................................................... 1

II.     PROCEDURAL HISTORY ...................................................................... 2

III.    ALLEGED FACTS IN THE COMPLAINT ............................................ 2

IV.     ARGUMENT ............................................................................................ 3

      A.      A Motion to Dismiss is Proper Where, as Here, The Complaint Fails to State a Claim Upon Which Relief Can Be Granted............................. 3

            1.      The Standard Governing a Rule 12(b)(6) Motion to Dismiss. .... 3

            2.      Plaintiff's First and Second Causes of Action for Defamation – Slander Per Se Fail........................................................................ 5

            3.      Plaintiff's Third Cause of Action for Intentional Infliction of Emotional Distress Fails ............................................................... 8

            4.      Plaintiff's Fourth Cause of Action for Negligent Infliction of Emotional Distress Fails ............................................................. 10

      B.      Plaintiff's Complaint Should Be Dismissed Pursuant to Rule 12(b)(1), Because She has Not Complied with Requirements for Proceeding as "Jane Doe" ................................................................................... 11

            1.      Plaintiff Does Not Demonstrate the Required "Special Circumstances" Required That Permit Use of a Pseudonym Under Ninth Circuit Law................................................... 11

            2.      Plaintiff's Use of a Pseudonym Violates the Public's First Amendment Right to Disclosure and Access .......................... 13

      C.      Alternatively, the Court Should Strike Plaintiff's Complaint Pursuant to Federal Rule 11 ................................................................... 14

V.      CONCLUSION...................................................................................... 14

i

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO STRIKE PLAINTIFF'S COMPLAINT

4137-0883-3575.3

# TABLE OF AUTHORITIES

**Page**

**FEDERAL**

*Arikat v. JP Morgan Chase & Co.*,
  N.D.Cal.2006 ........................................................................................................ 7

*Cohen v. Chau*,
  No. 219CV03936RGKASX, 2019 WL 6655392 (C.D. Cal. July 23,
  2019) ........................................................................................................... 8, 10

*De La Cruz v. Tormey*,
  582 F.2d 45 (9th Cir. 1978) ............................................................................. 3

*Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*,
  596 F.3d 1036 (9th Cir.2010) ..................................................................... 11, 12

*Doe v. N. Orange Cty. Cmty. Coll. Dist.*,
  No. SACV1701776CJCDFMX, 2018 WL 6137623 (C.D. Cal. Feb.
  2, 2018) ......................................................................................................... 11

*Doe v. Stegall*,
  653 F.2d 180 (5th Cir.1981) ............................................................................ 13

*Doe v. UNUM Life Ins. Co. of Am.*,
  164 F. Supp. 3d 1140 (N.D. Cal. 2016) ........................................................... 12

*King v. AC&R Adver.*,
  65 F.3d 764 (9th Cir. 1995) .............................................................................. 9

*Moss v. U.S. Secret Serv.*,
  572 F.3d 962 (9th Cir. 2009) ........................................................................... 4

*Randolph v. Budget Rent-a-Car*,
  97 F.3d 319 (9th Cir. 1996) ............................................................................. 5

*Rangel v. Am. Med. Response W.*,
  No. 1:09-CV-01467-AWI, 2013 WL 1785907 (E.D. Cal. Apr. 25,
  2013) .............................................................................................................. 8

*Shroyer v. New Cingular Wireless Servs., Inc.*,
  622 F.3d 1035 (9th Cir. 2010) ......................................................................... 3

*Summit Technology, Inc. v. High-Line Medical Instruments Co., Inc.*,
  922 F. Supp. 299 (C.D. Cal. 1996) ................................................................... 4

ii

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS,
OR IN THE ALTERNATIVE, TO STRIKE PLAINTIFF'S COMPLAINT

4137-0883-3575.3

# TABLE OF AUTHORITIES (CONTINUED)

**Page**

*United States v. Stoterau,*
   524 F.3d 988 (9th Cir.2008) ................................................................. 11

*W.N.J. v. Yocom,*
   257 F.3d 1171 (10th Cir. 2001) .......................................................... 1, 11

**STATE CASES**

*Doe v. Lincoln Unified School Dist.,*
   188 Cal. App. 4th 758 (2010) ............................................................ 12, 13

*Farmers Ins. Group v. County of Santa Clara,*
   11 Cal.4th 992, 47 Cal.Rptr.2d 478, 906 P.2d 440 (1995) ........................ 5, 6, 10

*Fisher v. San Pedro Pen. Hosp.,*
   214 Cal.App.3d 590 (1989) ................................................................... 7

*Hughes v. Pair,*
   46 Cal. App. 4th 1035 (2009) ................................................................ 9

*Lisa M. v. Henry Mayo Newhall Mem'l Hosp.,*
   12 Cal. 4th 291 (1995) ........................................................................ 5

*Potter v. Firestone Tire & Rubber Co.,*
   6 Cal. 4th 965 (1993) ......................................................................... 10

*Purton v. Marriott International, Inc.,*
   218 Cal. App. 4th 499 (4th Dist. 2013), review denied (Oct. 16,
   2013) .............................................................................................. 6

*Rodgers v. Kemper Constr. Co.,*
   50 Cal. App. 3d 608 (1975) ................................................................... 5

*Yurick v. Superior Court,*
   209 Cal. App. 3d 1116 (1989) ............................................................... 9

**STATE STATUTES**

California Civil Code § 46(4) ..................................................................... 7

California Civil Code § 2338 ..................................................................... 5

California Labor Code §§ 96(k) ................................................................. 7

- iii -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT; OR IN THE ALTERNATIVE, TO STRIKE PLAINTIFF'S COMPLAINT

4137-0883-3575.3

# TABLE OF AUTHORITIES (CONTINUED)

**Page**

Fair Employment and Housing Act ............................................................................ 7

**Rules**

Fed. R. Civ. P. 10(a) .......................................................................................... 1, 14

Fed. R. Civ. P. 11 .............................................................................................. 1, 14

Fed. R. Civ. P. 12(b)(1) ........................................................................................ 11

Fed. R. Civ. P. 12(b)(6) .......................................................................................... 3

**Constitutional Provisions**

First Amendment ................................................................................................... 13

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT; OR IN THE ALTERNATIVE, TO STRIKE PLAINTIFF'S COMPLAINT

4137-0883-3575.3

1

## I.      **INTRODUCTION**

2          Plaintiff Jane Doe's Complaint is premised upon the unfounded and incorrect

3   conclusion that Defendant Pacific Investment Management Company LLC

4   ("PIMCO") could be legally liable for a comment made by an unnamed employee

5   to Plaintiff at a bar after work. Even if Plaintiff's retelling of events were accurate

6   (and it is not), she has not sufficiently pled facts to plausibly state a claim against

7   PIMCO, nor could she amend her complaint to do so. Plaintiff's claims are

8   defective on their face and should be dismissed for failure to state a claim upon

9   which relief could be granted.

10         The Court should also dismiss the Complaint because Plaintiff improperly

11  filed as a "Doe" in violation of the Federal Rules of Civil Procedure and has not

12  sought permission from the court to proceed under a pseudonym. *See W.N.J. v.*

13  *Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001) (absent permission from the court to

14  proceed under a pseudonym, "the federal courts lack jurisdiction over the unnamed

15  parties, as a case has not been commenced with respect to them.") Alternatively, the

16  Court should strike the Complaint for failure to conform to the applicable pleading

17  requirements. *See* Fed. R. Civ. P. 11 ("Every pleading, written motion, and other

18  paper must be signed … by a party personally if the party is unrepresented. … The

19  court must strike an unsigned paper unless the omission is promptly corrected after

20  being called to the attorney's or party's attention."); *see also* Fed. R. Civ. P. 10(a)

21  (requiring complaint to "name all the parties"). Although Plaintiff is ostensibly

22  concerned about her own privacy and reputation, she clearly does not place a

23  priority on the reputation of PIMCO, which has never employed her or otherwise

24  been connected to her in any way.

25         Plaintiff's Complaint falls far short of meeting the federal pleading standard.

26  Her Complaint should be dismissed, or alternatively, stricken in its entirety.

27

28

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS,
OR IN THE ALTERNATIVE, TO STRIKE PLAINTIFF'S COMPLAINT

4137-0883-3575.3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II.   PROCEDURAL HISTORY

On August 19, 2020, Plaintiff "Jane Doe" filed a Complaint against PIMCO in the Superior Court of California, County of Orange, entitled *Jane Doe, an individual Plaintiff, v. Pacific Investment Management Company, LLC, a Delaware limited liability company; and, DOES 1-100, inclusive, Defendants*, Case No. 30-2020-01155927 (the "Complaint").  PIMCO removed the action to this Court on the ground of diversity jurisdiction.  Plaintiff then served PIMCO with the Complaint on September 14, 2020.

The Complaint alleges four causes of action:  (1) Defamation – slander per se; (2) Defamation – slander per se; (3) Intentional Infliction of Emotional Distress; and (4) Negligent Infliction of Emotional Distress.

## III.   ALLEGED FACTS IN THE COMPLAINT

In short, Plaintiff alleges that she was dating a man who is employed by PIMCO,  he invited her to meet up with him while he was at an allegedly work-sponsored event at a restaurant, and later, after they had traveled to a bar in a different location with some of his colleagues, one of those colleagues at the end of the evening called her a "whore" outside the bar. She alleges that after she subsequently moved out of state to attend graduate school, her boyfriend broke up with her. She alleges she suffered emotional distress, and claims that PIMCO is legally responsible for her distress.

Specifically, Plaintiff alleges that in August 2019, Plaintiff was dating PIMCO employee Drew Vannier (whom she incorrectly identifies as Drew *Cannier*). She alleges that she was planning to move out of state to attend graduate school and that August 20, 2019 was to be her "last evening out in Newport Beach." Compl. ¶¶ 9-10.

Plaintiff (inaccurately) alleges that PIMCO was hosting an event on the evening of August 20, 2020 for PIMCO employees at the Cannery Restaurant.

- 2 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT; OR IN THE ALTERNATIVE, TO STRIKE PLAINTIFF'S COMPLAINT

4137-0883-3575.3

Compl. ¶ 11. She alleges that, at the invitation of Mr. Vannier, she met him at the Cannery Restaurant that evening. Compl. ¶ 12. She alleges that Mr. Vannier and another alleged PIMCO employee identified as Doe 2 (who is not actually a PIMCO employee) subsequently "stated that the PIMCO party was moving to …Malibu Farm Lido, and asked Plaintiff …to accompany them," which she did. Compl. ¶12.

She alleges that "toward the end of the night," outside of Malibu Farm Lido, another PIMCO employee, whom she identifies as Doe 1 "suddenly shouted at Plaintiff, 'You are a whore, and I am not the only one saying it!'" Compl. ¶ 15.

Plaintiff alleges conclusorily that Doe 1's statements were ratified by PIMCO (Compl. ¶ 20); however, Plaintiff also alleges that "**HR was oblivious about the incident**." Compl. ¶ 18. She alleges that Doe 1's conduct has "damaged her reputation in that Doe 1 imputed to Plaintiff a want of chastity." Compl. ¶ 8. She alleges that she has "suffered severe emotional distress in addition to reputational injury." *Id.*

## IV.   <u>ARGUMENT</u>

### A.   <u>A Motion to Dismiss is Proper Where, as Here, The Complaint Fails to State a Claim Upon Which Relief Can Be Granted</u>

#### 1.   <u>The Standard Governing a Rule 12(b)(6) Motion to Dismiss.</u>

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint as to whether the facts pled "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). Where an alleged claim for relief lacks sufficient facts under a viable legal theory, that claim must be dismissed. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010); *Twombly*, 550 U.S. at 570 (holding plaintiff must proffer "enough facts to state a claim to relief that is plausible on its face"); *see also Iqbal*, 556 U.S. 662.

4137-0883-3575.3

1   *Twombly* and *Iqbal* set forth a two-step process for analyzing the sufficiency

2   of a complaint when challenged on a motion to dismiss.  First, the Court must

3   accept as true all factual allegations, setting aside any "conclusory statements" or

4   "threadbare recitals of the elements."  *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550

5   U.S. at 555) ("Although for the purposes of a motion to dismiss we must take all of

6   the factual allegations in the complaint as true, we 'are not bound to accept as true a

7   legal conclusion couched as a factual allegation'"); *Twombly*, 550 U.S. at 555 ("a

8   plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires

9   more than labels and conclusions, and a formulaic recitation of the elements of a

10  cause of action will not do.") (internal citations omitted).  "[P]leadings that [] are no

11  more than conclusions, are not entitled to the assumption of truth."  *Id.* at 679;

12  *Summit Technology, Inc. v. High-Line Medical Instruments Co., Inc.*, 922 F. Supp.

13  299, 304 (C.D. Cal. 1996) ("[A] court need not accept as true unreasonable

14  inferences, unwarranted deductions of fact, or conclusory legal allegations cast in

15  the form of factual allegations.") (citing *Western Mining Council v. Watt*, 643 F.2d

16  618, 624 (9th Cir. 1981) *cert denied*, 454 U.S. 1031 (1981)); *Moss v. U.S. Secret*

17  *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

18      Second, the Court must determine whether the complaint on its face states a

19  plausible claim for relief.  *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 570).

20  "The plausibility standard is not akin to a 'probability requirement,' but it asks for

21  more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  Where a

22  complaint pleads facts that are "merely consistent with" a defendant's liability, it

23  "stops short of the line between possibility and plausibility of 'entitlement to

24  relief.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  Therefore, it is improper for a

25  court to assume that a plaintiff can prove facts he has not alleged.  *Twombly*, 550

26  U.S. at 563 n.8 (*quoting Associated Gen. Contractors of California, Inc. v.*

27  *California State Council of Carpenters*, 459 U.S. 519, 526 (1983)).  If a plaintiff's

28

- 4 -

allegations do not bring his "claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Id.* at 570.

### 2.  Plaintiff's First and Second Causes of Action for Defamation – Slander Per Se Fail

Plaintiff alleges her first cause of action for defamation against Defendants Does 1-100 and her second cause of action for defamation against Defendants PIMCO and Does 2-100.  Both causes of action are based entirely on her allegation that Doe 1 made a false statement that Plaintiff "is a whore, and I'm not the only one saying so," while outside of Malibu Farm Lido restaurant. Compl. ¶ 23.

First, even if the alleged statement attributed to Doe 1 were sufficient to state a cause of action for slander per se against Doe 1, Plaintiff fails to plead any facts that would impute liability for Doe 1's alleged statement on PIMCO or anyone else. PIMCO may not be held liable for any defamatory statements made by its employee unless the defamation occurred within the scope of the employee's employment. *See Farmers Ins. Group v. County of Santa Clara*, 11 Cal.4th 992, 47 Cal.Rptr.2d 478, 906 P.2d 440, 448 (1995).

Under California law an employer can only be held vicariously liable for the negligent, willful, or malicious acts of an employee if they occur **within the scope of employment** (Cal. Civ. Code § 2338; *Lisa M. v. Henry Mayo Newhall Mem'l Hosp.*, 12 Cal. 4th 291, 298 (1995)). "Respondeat superior liability should apply only to the types of injuries that are as a practical matter certain to occur in the conduct of the employer's enterprise." *Rodgers v. Kemper Constr. Co.*, 50 Cal. App. 3d 608, 619 (1975); *see also Randolph v. Budget Rent-a-Car*, 97 F.3d 319 (9th Cir. 1996). The test for vicarious liability under the doctrine of *respondeat superior* is whether the employee's conduct was "foreseeable," meaning that "in the context of the particular enterprise an employee's conduct is not so unusual or startling that it would seem unfair to include the loss resulting from it among other costs of the

- 5 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT; OR IN THE ALTERNATIVE, TO STRIKE PLAINTIFF'S COMPLAINT

4137-0883-3575.3

employer's business." *Rodgers v. Kemper Constr. Co*., 50 Cal. App. 3d 608, 618-19 (1975); *see also Farmers Ins. Group v. County of Santa Clara*, 11 Cal. 4th 992, 1004, (1995); *Purton v. Marriott International, Inc*., 218 Cal. App. 4th 499, 506, (4th Dist. 2013), review denied, (Oct. 16, 2013).

Plaintiff assumes incorrectly that Doe 1 was acting as an agent for PIMCO when she made the alleged statement to Plaintiff. *See* Compl. ¶ 32. Plaintiff does not, however, allege any facts to support that assumption. Indeed, her allegations show that Doe 1 was *not* acting in the course and scope of her employment at PIMCO. By Plaintiff's allegations, Plaintiff and Does 1 and 2 had left an event allegedly sponsored by PIMCO and gone to a bar. Plaintiff alleges that Doe 1 made a defamatory statement about her outside that bar—not on PIMCO premises, not during business hours, not even at an event sponsored by PIMCO. Even if the alleged conduct was in the workplace (it was not), she does not allege facts that could support a conclusion that Doe was acting within the course and scope of her employment when she made the allegedly defamatory comment to Plaintiff. What would be unusual or startling is for PIMCO to be liable for an employee's random private comments late at night leaving a bar.

Furthermore, Plaintiff's Complaint is entirely devoid of any facts upon which this Court could reasonably conclude that PIMCO ratified Doe 1's conduct. She alleges, "Because Defendants PIMCO and Does 2 through 100, and each of them, failed to act to discipline Defendant Doe 1, or take any reasonable action to redress the harm resulting from Doe 1's conduct, said Defendants have ratified the conduct of Doe 1, and have therefore adopted said conduct as its own, for which it should be held liable." Compl. ¶ 32.  However, by her own allegation, PIMCO's "**HR was oblivious about the incident**." Compl. ¶ 18.

Wholly apart from Plaintiff's speculation about ratification, Plaintiff makes no plausible allegations as to why, even if a late-night comment by a PIMCO

- 6 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT; OR IN THE ALTERNATIVE, TO STRIKE PLAINTIFF'S COMPLAINT

4137-0883-3575.3

1   employee outside a bar to a non-PIMCO employee (Plaintiff) came to PIMCO's

2   attention, it would properly be a matter for work discipline.  See, e.g., California

3   Labor Code sections 96(k)(providing Labor Commissioner authority to pursue

4   claim for employee discharged, suspended or demoted for engaging in lawful

5   activity during nonworking hours away from employer's premises) & 98.6

6   (employer shall not discipline employee for same). Plaintiff has failed to plead any

7   facts or cite any authority to support her assumption that PIMCO should discipline

8   Doe 1 as its employee for Doe 1's behavior outside of work towards Plaintiff, an

9   individual with no relationship to PIMCO.  Plaintiff cites the inapposite case of

10   *Fisher v. San Pedro Pen. Hosp.*, 214 Cal.App.3d 590, 621 (1989) for the

11   proposition that ratification "may be inferred from the fact that the employer, after

12   being informed of the employee's actions, does not fully investigate and fails to

13   repudiate the employee's conduct by redressing the harm done and punishing or

14   discharging the employee." There, the plaintiff sued her employer for violations of

15   the Fair Employment and Housing Act, alleging that she had been sexually

16   harassed in her workplace.

17        Plaintiff has not pled, and cannot amend, to plausibly show the alleged

18   conduct was ratified by PIMCO or within the course and scope of a PIMCO

19   employee's employment. It is simply implausible that the alleged defamation by

20   Doe 1 is somehow attributable to PIMCO. PIMCO cannot be held vicariously liable

21   for allegedly defamatory statements made by its employee outside the course and

22   scope of employment.

23        Second, to state a claim for slander under California law, a plaintiff must

24   establish an intentional publication of a statement of fact that is false, unprivileged,

25   and has natural tendency to injure or which causes special damage. *Arikat v. JP*

26   *Morgan Chase & Co.*, N.D.Cal.2006, 430 F.Supp.2d 101.  California Civil Code

27   section 46(4) provides in part, "Slander is a false and unprivileged publication,

28

- 7 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT; OR IN THE ALTERNATIVE, TO STRIKE PLAINTIFF'S COMPLAINT

4137-0883-3575.3

1    orally uttered, … which: … 4. Imputes to him impotence or a want of chastity."

2        The alleged statement that Plaintiff is "a whore", does not impute to Plaintiff

3    "a want of chastity."  In modern parlance that word has many uses and meanings. In

4    *Rangel v. Am. Med. Response W.*, No. 1:09-CV-01467-AWI, 2013 WL 1785907, at

5    *22 (E.D. Cal. Apr. 25, 2013), the court found "'whore,' like 'bitch,' is not

6    slanderous per se, but merely a crude and vulgar expression with no natural

7    tendency to injure and therefore cannot underlie a slander claim absent special

8    damages." Here, Plaintiff has not adequately pled facts to establish special damages

9    arising from Doe 1's use of the word whore, and so Doe 1's comment cannot

10   support her claims.

11       For all of these reasons Plaintiff's defamation claims are wholly meritless

12   and should be dismissed.

13       **3.    Plaintiff's Third Cause of Action for Intentional Infliction of
14            Emotional Distress Fails**

15       Plaintiff's third cause of action for intentional infliction of emotional distress

16   ("IIED") against all Defendants must be dismissed because there is no basis to hold

17   PIMCO liable for the alleged conduct, and in any event she has not pled extreme

18   and outrageous conduct.

19       For the same reasons discussed above, Plaintiff pleads no plausible basis to

20   hold PIMCO liable for the alleged comment.

21       Moreover, to state a claim for IIED, the plaintiff must allege: (1) extreme or

22   extreme and outrageous conduct by the defendant; (2) intent to cause, or

23   recklessness in causing the plaintiff emotional distress; (3) severe emotional

24   distress; and (4) proximate cause between the defendant's conduct and the plaintiff's

25   distress. *Cohen v. Chau*, No. 219CV03936RGKASX, 2019 WL 6655392, at *6

26   (C.D. Cal. July 23, 2019) (citing *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th

27   965, 1001 (1993).

28

4137-0883-3575.3

To be "extreme and outrageous," conduct must go "beyond all possible bounds of human decency and [be] otherwise intolerable in a civilized society. *Yurick v. Superior Court*, 209 Cal. App. 3d 1116, 1123, 1128-29 (1989); *see also King v. AC&R Adver*., 65 F.3d 764, 769 (9th Cir. 1995) (citing Yurick). "The requirements of th[is] rule are rigorous, and difficult to satisfy." *Id*. Mere indignities, insults, threats, annoyances, petty oppressions and the like are not enough. *Hughes v. Pair*, 46 Cal. App. 4th 1035, 1051 (2009). Further, the conduct must be intended to inflict injury or engaged in with the realization that injury will result. *See Hughes v. Pair*, 46 Cal. App. 4th 1035, 1050 (2009).

None of the conduct alleged here, even if true, rises to the level of extreme and outrageous conduct necessary to support an IIED claim. *See e.g., Yurick v. Superior Court*, 209 Cal. App. 3d 1116, 1123, 1128-29 (1989) (insults, indignities, threats, and annoyances do not suffice to state a claim for IIED). Plaintiff's third cause of action for intentional infliction of emotional distress appears to be premised on the same alleged comment by Doe 1. Plaintiff's allegation that on a single occasion a woman called her a whore outside of a bar is nothing more than a mere indignity or insult, which is not enough to state a claim. *See id., see also Hughes v. Pair*, 46 Cal. App. 4th 1035, 1051 (2009).

Plaintiff also inexplicably alleges that "Defendants, and each of them, engaged in a pattern of hostile conduct, as described hereinabove, and said conduct was predicated upon a malicious, oppressive, intentional, and/or fraudulent animus, and was designed to, and did, injure Plaintiff." Compl. ¶ 44. However, Plaintiff's Complaint is entirely bereft of facts to support such conclusions. First, she does not allege that PIMCO engaged in any actions towards her whatsoever. Indeed, she alleges that "HR was oblivious about the incident" with Doe 1. She alternatively alleges that PIMCO did not take any action in response to the alleged incident. Such inaction by PIMCO cannot plausibly support a claim for intentional infliction

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT; OR IN THE ALTERNATIVE, TO STRIKE PLAINTIFF'S COMPLAINT

4137-0883-3575.3

1    of emotional distress.

2         **4.    Plaintiff's Fourth Cause of Action for Negligent Infliction of Emotional Distress Fails**

3

4         Negligent infliction of emotional distress "is not an independent tort; rather,

5    it describes the context in which the defendant act negligently," and "the plaintiff

6    must still plead the traditional elements of negligence, including duty, breach of

7    duty, causation, and damages." *Cohen v. Chau*, No. 219CV03936RGKASX, 2019

8    WL 6655392, at *6 (C.D. Cal. July 23, 2019) (citing *Christensen v. Superior Court*,

9    54 Cal. 3d 868, 884 (1991) and *Macy's California, Inc. v. Superior Court,* 41 Cal.

10   App. 4th 744, 748 (1995)).

11        As a threshold matter, Plaintiff cannot show that PIMCO owed her a duty.

12   "[There is no duty to avoid negligently causing emotional distress to another, and

13   … damages for emotional distress are recoverable only if the defendant has

14   breached some other duty to the plaintiff." *Potter v. Firestone Tire & Rubber Co*., 6

15   Cal. 4th 965, 984 (1993). Here, Plaintiff concludes without any factual support that

16   she was "owed a duty of care by Defendants, and each of them, to ensure that

17   Plaintiff was not exposed to foreseeable harms in accordance with the law."

18   Plaintiff fails to explain the basis for this conclusion. According to Plaintiff's

19   allegations, her only connection to PIMCO or any of the other Defendants is that at

20   the time of the alleged incident with Doe 1, she was dating a PIMCO employee. No

21   duty is owed to her by PIMCO based on those facts.

22        Also, explained in Section VI.A.2 above, the alleged comment by Doe 1 was

23   outside the course and scope of her employment at PIMO, and PIMCO cannot be

24   vicariously liable for it under the doctrine of *respondeat superior*. *See, e.g.,*

25   *Farmers Ins. Group v. County of Santa Clara*, 11 Cal.4th 992, 47 Cal.Rptr.2d 478,

26   906 P.2d 440, 448 (1995).

27        Plaintiff fails to state a claim for negligent infliction of emotional distress.

28
                                    - 10 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT; OR IN THE ALTERNATIVE, TO STRIKE PLAINTIFF'S COMPLAINT

4137-0883-3575.3

**B.** **Plaintiff's Complaint Should Be Dismissed Pursuant to Rule 12(b)(1), Because She has Not Complied with Requirements for Proceeding as "Jane Doe"**

Federal Rule of Civil Procedure 12(b)(1) allows a party to move for dismissal of a claim for lack of subject matter jurisdiction. Absent permission from the court to proceed under a pseudonym, "the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them." *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001). Federal Rule 10(a) requires that the title of every complaint "must name all the parties."  This rule reflects the "paramount importance of open courts" such that the "default presumption is that plaintiffs will use their true names." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1046 (9th Cir.2010). "As a general rule, the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity." *United States v. Stoterau*, 524 F.3d 988, 1012 (9th Cir.2008) (internal quotation marks and citations omitted).

Here, Plaintiff's Complaint does not include her name, and she has not sought permission from any court to proceed anonymously. While "'district courts within the Ninth Circuit have concluded that dismissal for lack of jurisdiction is not warranted when the plaintiff files a motion to proceed under a pseudonym, even if that motion is filed after the defendant filed a motion to dismiss,'" *Doe v. N. Orange Cty. Cmty. Coll. Dist.*, No. SACV1701776CJCDFMX, 2018 WL 6137623, at *4 (C.D. Cal. Feb. 2, 2018), here, Plaintiff has not indicated any intent to file a motion for permission to proceed under a pseudonym. And under the applicable standard, any such motion must be denied.

**1.** **Plaintiff Does Not Demonstrate the Required "Special Circumstances" Required That Permit Use of a Pseudonym Under Ninth Circuit Law**

Plaintiff cannot meet the Ninth Circuit standard for determining whether to

- 11 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT; OR IN THE ALTERNATIVE, TO STRIKE PLAINTIFF'S COMPLAINT

4137-0883-3575.3

1  allow a plaintiff to proceed under a fictitious name. *See Doe v. UNUM Life Ins. Co.*
2  *of Am*., 164 F. Supp. 3d 1140, 1144-1147 (N.D. Cal. 2016) (granting motion to
3  dismiss because Doe's privacy interests did not outweigh the public's right of
4  access to judicial proceedings).  The "normal presumption in litigation is that
5  parties must use their real names." *See Doe v. Kamehameha Sch/Bernice Pauahi*
6  *Rishon Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010) (citations omitted) (affirming
7  denial of request to proceed anonymously where plaintiffs were children.) In *Does I*
8  *Thru XXIII v. Advanced Textile Corp*., the Ninth Circuit set forth factors courts
9  should evaluate when determining whether to allow a plaintiff to proceed under a
10 fictitious name. 214 F.3d 1058 (9th Cir. 2000). Generally, a "[p]laintiffs' use of
11 fictitious names runs afoul of the public's common law right of access to judicial
12 proceedings." *Id*. at 1067-68. The use of a pseudonym is only appropriate "when
13 special circumstances justify secrecy" and the "need for anonymity outweighs
14 prejudice to the opposing party and the public's interest in knowing the party's
15 identity." *Id*. The factors federal courts should consider are: (1) the severity of the
16 threatened harm, (2) the reasonableness of the anonymous party's fears, (3) the
17 anonymous party's vulnerability to such retaliation, (4) prejudice to the opposing
18 party, and (5) the public's interest. *Id*. at 1068-69.

19       Here, other than one perfunctory footnote stating she is entitled to proceed
20 anonymously to "in order to preserve her confidentiality and to avoid any potential
21 opprobrium, pursuant to applicable law, including *Doe v. Lincoln Unified School*
22 *Dist.,* 188 Cal. App. 4th 758 (2010)," Plaintiff has not made an affirmative showing
23 sufficient to establish that her desire to proceed anonymously outweighs any
24 prejudice to PIMCO and the public's interest in knowing the party's identity. For
25 instance, Plaintiff makes no allegations as to the severity of any threatened harm or
26 any alleged facts concerning the reasonableness of any purported fears if her name
27 is disclosed. She has not pointed to any purported vulnerability to retaliation.
28

- 12 -

1   Moreover, it is entirely unclear from whom Plaintiff is seeking to hide, and who

2   could possibly cause her harm were they/it to discern her identity. Also, the

3   "applicable law" to which she cites does not support her filing a Doe complaint. In

4   *Doe v. Lincoln Unified School District*, the court simply rejected the defendant's

5   argument that a fictitious name may *never* be used by a plaintiff. 188 Cal. App. 4th

6   758. The case stands for little more than that, says nothing about the circumstances

7   under which pseudonyms may be used, and certainly does not stand for the

8   proposition that a plaintiff may unilaterally elect to sue as a Doe plaintiff whenever

9   she chooses. *See id*. PIMCO is not arguing that fictitious names may never be used;

10  only that doing so is not authorized here.

11      If Plaintiff were permitted unilaterally to elect to file as a Doe plaintiff, then

12  there is no reason why any plaintiff asserting similar claims should not be permitted

13  to do the same. There is no law that says defamation plaintiffs are entitled to sue

14  anonymously. Plaintiff has failed to take any procedural steps to allow her use of a

15  pseudonym and has failed to plead facts to allow such use. She has failed to set

16  forth any authority or state facts sufficient to overcome PIMCO's and the public's

17  First Amendment rights to access and disclosure. Under applicable federal

18  authorities, Plaintiff cannot proceed as a Doe plaintiff, and her Complaint should be

19  dismissed.

20          **2.    Plaintiff's Use of a Pseudonym Violates the Public's First
                    Amendment Right to Disclosure and Access**

21

22      Plaintiff's use of a pseudonym is also contrary to public policy, which strictly

23  favors the public right to free access to accurate public information and filings.

24  There exists a "clear and strong First Amendment interest in ensuring that 'what

25  transpires in the courtroom is public property.'" *Doe v. Stegall*, 653 F.2d 180, 185

26  (5th Cir.1981) (citing *Craig v. Harney*, 331 U.S. 367, 374 (1947)).  If Plaintiff is

27  allowed to hide behind a pseudonym, it would allow any plaintiff to use a

28

- 13 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT; OR IN THE ALTERNATIVE, TO STRIKE PLAINTIFF'S COMPLAINT

4137-0883-3575.3

pseudonym simply because she does not want the public to know about her allegations. This would be contrary to public policy, free speech, and the presumption that the public should have free access to this information.

**C.    Alternatively, the Court Should Strike Plaintiff's Complaint Pursuant to Federal Rule 11**

Federal Rule of Civil Procedure 11 requires that "[e]very pleading, written motion, and other paper must be signed … by a party personally if the party is unrepresented. … The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed.R.Civ.P. 11; see also Fed.R.Civ.P. 10(a) (requiring complaint to "name all the parties"). Because Plaintiff did not sign her name to her Complaint, the Court should strike the Complaint pursuant to Rule 11.

## V.    CONCLUSION

For the foregoing reasons, PIMCO respectfully requests that the Court dismiss Plaintiff's Complaint, or alternatively, strike Plaintiff's Complaint in its entirety.

Dated:  October 5, 2020

                                   LYNNE C. HERMLE
                                   JOSEPH C. LIBURT
                                   EMILY F. TAYLOR
                                   Orrick, Herrington & Sutcliffe LLP


                                   By: */s/ Joseph C. Liburt*
                                   JOSEPH C. LIBURT
                                   Attorneys for Defendant
                                   PACIFIC INVESTMENT
                                   MANAGEMENT COMPANY LLC

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT; OR IN THE ALTERNATIVE, TO STRIKE PLAINTIFF'S COMPLAINT

4137-0883-3575.3